# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DALLAS JOHNSON,**  *Petitioner*,  v.  **WELLS FARGO BANK NATIONAL ASSOCIATION,**  *Respondent*. | **CIVIL ACTION NO. 5:18-cv-00227-TES** |

## ORDER GRANTING MOTION TO DISMISS

Petitioner Dallas Johnson filed a "Common Law Petition for Redress of Grievance via Writ of Habeas Corpus" [Doc. 1] against Respondent Wells Fargo Bank National Association ("Wells Fargo"), against which Wells Fargo filed the instant Motion to Dismiss [Doc. 4]. For the following reasons, Wells Fargo's motion is **GRANTED**, and Mr. Johnson's petition is **DISMISSED**.

### A. Mr. Johnson's Petition

From what the Court can gather,[1] Mr. Johnson contends that private banks, including the Federal Reserve, are creating and distributing currency in violation of the

---

[1] Mr. Johnson's petition is both disorganized and confusing, and it meanders between mentions of the Northwest Ordinance of 1787, President Franklin Roosevelt's Proclamation Number 2038, the "Economic Banking Emergency Relief Act of March 9, 1933," and the "Gold Abrogation Act of June 5, 1933."

"Gold Abrogation Act"[2] and the Constitution. He claims that these private banks "lent $s [sic], when in fact this would be fraud, this would be counterfeit currency" and that those banks were "lending us something that had no value, that was not regulated by Congress, and was not authorized under the financial laws of the United States of America." [Doc. 1, p. 13]. Thus, he claims that he has "been defrauded $52,128.00 since the beginning of this incident and am continuing to suffer loss [sic] of $24.13 a day" but does not explain what incident he is referring to or why he is suffering daily losses. [*Id.* at p. 14].

   B.   **<u>Habeas Relief</u>**

As a preliminary matter, Mr. Johnson has not brought a cognizable habeas action because he is not in custody and is not seeking relief related to his custody or incarceration. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1328-29 (11th Cir. 2010) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, (2001)). Although that detention need not be "literal physical confinement," (e.g., it can also mean parole) "the statutes controlling our jurisdiction to grant habeas relief all require some form of custody." *Id.* at 1329. Moreover, the remedy sought in a habeas action must be "tied to some form of relief from the petitioner's custody." *Id.*

---

[2] This presumably refers to the Gold Reserve Act of 1934, which eliminated gold as a medium of exchange and abrogated gold clauses in government and private contracts. *See* 48 Stat. 337.

2

In this case, it is not apparent that Mr. Johnson is incarcerated or otherwise in custody. However, even if Mr. Johnson is in custody, his petition contains no request for relief from that custody. Instead, Mr. Johnson seeks only monetary relief and injunctive relief in the form of "personal protection against this act of Congress [i.e., the Emergency Banking Relief Act of 1933, 48 Stat. 1]." [Doc. 1, p. 14]. Without some request for relief from custody, Mr. Johnson has not established a cognizant habeas action, and his petition must be dismissed.

C. **Failure to State a Claim**

Substantively, Mr. Johnson's petition fails to meet the plausibility standard of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In order to state a claim upon which relief may be granted, a plaintiff/petitioner must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. To meet this standard, the complaint/petition must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When alleging fraud, the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Although a pro se plaintiff is entitled to leniency regarding his pleadings, *see Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998), the Court may not "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

On the face of his petition, Mr. Johnson states only that he has been defrauded and that he wishes to be protected from an act of Congress. However, he does not state how he has been defrauded, how Wells Fargo is connected to the fraud, or how the fraud relates to an act of Congress. Thus, he has failed to meet the heightened pleading standards required by Rule 9, even in light of the leniency afforded to him as a pro se party. Accordingly, Mr. Johnson's petition fails to state a claim.

D. **Conclusion**

Having found that Mr. Johnson's petition presents neither a cognizable claim for habeas corpus nor a plausible cause of action against Wells Fargo, the Court **GRANTS** Wells Fargo's Motion to Dismiss [Doc. 4]. Mr. Johnson's petition is therefore **DISMISSED without prejudice**. In order for Mr. Johnson to appeal this decision, the Court must issue him a certificate of appealability pursuant to 28 U.S.C.A. § 2253. Given Mr. Johnson's failure to make a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C.A. § 2253(c)(2).

**SO ORDERED**, this 22nd day of August, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
